# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 18-21021-KHT |
| | ) | |
| BRENT WILLIAM SHYPKOSKI | ) | |
| MICHELLE LINN SHYPKOSKI | ) | |
| | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| MICHELLE LINN SHYPKOSKI | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. |
| | ) | |
| vs. | ) | |
| | ) | |
| NATERA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Michelle Shypkoski ("Debtor/Plaintiff"), by and through her undersigned counsel, submits this complaint against Natera, Inc. ("Defendant") pursuant to F.R.B.P. 7001 and 7003. In support of the Complaint, the Plaintiff respectfully states and alleges as follows:

### JURISDICTION AND VENUE

1.  Michelle Shypkoski ("PLAINTIFF") is an individual that lives in Aurora, Colorado.

2.  Natera, Inc. ("DEFENDANT") is a California Corporation that engages in business in Colorado.

3.  Plaintiff filed for Chapter 13 bankruptcy relief on December 21, 2018 in the District of Colorado and was assigned case number 18-21021-KHT.

4.  This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and this matter is a core proceeding pursuant to 28 U.S.C. § 157.

## GENERAL ALLEGATIONS

5. Plaintiff filed an Amended Schedule F to include Defendant on March 13, 2019. A 1009-1.1 Notice was prepared using the Defendant's registered mailing address.

6. Defendant was notified of Plaintiff's bankruptcy on March 13, 2019 by first class mail sent to their registered agent. This is evidenced by the Certificate of Service. [Dkt. No. 27]

7. Defendant is registered with the Colorado Secretary of State. A "Statement Curing Delinquency" filed with the Secretary of State on May 3, 2018 provides a registered agent mailing address of 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112. This was the appropriate mailing address at the time notice of the Plaintiff's bankruptcy was served.

8. The Plaintiff informally notified the Defendant of her bankruptcy filing by email on July 25, 2019 after receiving various notices.

9. The Plaintiff has called the Defendant on numerous occasions to provide her case number in response to correspondence she received.

10. The Defendant is a medical provider to the Plaintiff. An unsecured debt resulted from pre-petition treatment.

11. The Defendant took the following post-petition actions against the Plaintiff:

   a. September 23, 2019: Mailed a past-due notice;
   b. September 13, 2019: Sent a text message demanding payment;
   c. August 20, 2019: Mailed a billing statement;
   d. July 31, 2019: Mailed a billing statement.

## AUTHORITY

12. 11 U.S.C. § 362(a)(1) precludes the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

13. 11 U.S.C. § 362(k)(1) states that … "an individual injury by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys fees, and, in appropriate circumstances, may recover punitive damages".

14. 11 U.S.C. 362(k)(1) reads: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including attorney fees, and in

appropriate circumstances, may recover punitive damages." Furthermore, the 10th circuit has held that the term "willful" means that the creditor intended the act which violates the stay, not that the creditor intended to violate the automatic stay. *In re Johnson*, 501 F.3d 1163, 1172 (10th Cir. 2007).

15.     "The automatic stay under 11 U.S.C. § 362(a) should be broadly construed in favor of the Debtor and exceptions thereto should be applied narrowly." *In re Gazzo*, 505 BR 28 - Bankr. Court, D. Colorado 2014.

16.     "The moving party bears the burden of proof in an action for violation of the automatic stay and must prove the violation by a preponderance of the evidence." However, "the determination of whether the automatic stay applies to any given activity or property is to be made in the first instance by the bankruptcy court, not by a creditor or its attorney." Indeed, "any action taken in violation of the automatic stay is void and without effect." *In re Gazzo*, 505 BR 28 - Bankr. Court, D. Colorado 2014.

17.     In order to demonstrate a violation of § 362(k)(1), the debtor bears the burden of establishing, by a preponderance of the evidence, that the creditor knew of the automatic stay and intended the actions that constituted the violation; no specific intent to violate the stay is required. *In re Johnson*, 501 F.3d 1163, 1172 (10th Cir. 2007).

18.     Honorable Judge Brown in *In re Gagliardi*, 290 B.R. 808, 819 (Bankr. D.), laid out five factors to be considered in determining whether to award punitive damages, which are known as the Diviney Factors. Many courts have adopted this test.

As discussed in Gagliardi, the Diviney Factors are:

1) the nature of the creditor's conduct;

2) the creditor's ability to pay damages;

3) the level of sophistication of the creditor;

4) the creditor's motives; and

5) any provocation by the debtor

### FIRST CLAIM FOR RELIEF – VIOLATION OF AUTOMATIC STAY PURSUANT TO 11 USC § 362(K)(1)

19.     The Defendant knew of the automatic stay. The evidence is clear in which bankruptcy notices were mailed to their address as listed with the Colorado Secretary of State. Additionally, the Plaintiff informed them by E-mail and telephone of her filing.

20.     The Plaintiff has suffered actual damages as a result of the Defendant's violation. The Plaintiff had to hire a lawyer to represent her because the Defendant continued the

violation even after she informed them of her filing. The Plaintiff has experienced emotional distress. The Defendant continues collection attempts to her by sending collection notices and text messages.

21. The Defendant's actions were "willful" as they intentionally and deliberately initiated court actions against the Plaintiff.

## SECOND CLAIM FOR RELIEF – PUNITIVE DAMAGES

22. Punitive damages should be assessed against Defendants. Their continued conduct in violation of the stay was egregious.

23. The Defendant is a large medical company and frequently deals in medical billing. They have the sophistication to recognize bankruptcy notices and comply with basic court orders.

24. The Defendant's conduct is above and beyond a simple accidental letter or phone call. They continued their collection attempts even after the Plaintiff informed them via email and telephone that she had filed a bankruptcy case.

25. The Debtor asserts that she did nothing to provoke the creditor into taking such actions.

WHEREFORE, the Plaintiff prays for the following relief:

    a. Actual damages to be determined at trial;
    b. Emotional distress to be determined at trial;
    b. Punitive damages to be determined at trial;
    c. Reasonable attorney fees and costs pursuant to 11 U.S.C. 362(k);

Respectfully submitted this 17th day of October 2019

*/s/ Chris German*
_____
Law Office of Christopher A. German, LLC
Christopher A. German, Reg. No. 41206
7555 E. Hampton Ave., Suite 600
Denver, CO  80231
720.675.8070
chrisgermanlaw@gmail.com